UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEONARD HOVEY,

    Plaintiff,

v.                                                        Case No:   6:14-cv-632-Orl-40TBS

DRACO PROPERTY MANAGEMENT,
LLC. and FROGGY'S SALOON, INC.,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Entry of Judgment After Default Against Froggy's Saloon, Inc, pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc 28). For the reasons that follow, I respectfully recommend that the motion be **denied without prejudice**.

The mere entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a judgment pursuant to Rule 55(b), there must be sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] When there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

against only one of the defendants.   Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 330 (W.D. Mich. 2000) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.").

Plaintiff brings this action against Draco Property Management, LLC and Froggy's Saloon, Inc., for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*  (Doc. 1).   Plaintiff alleges that the premises of Defendants' facility include physical barriers that prevent him from accessing public accommodations in his wheelchair.   (Id. ¶¶ 2-4).   Plaintiff asks the Court to enter a permanent injunction against Defendants "enjoining [them] from continuing [their] discriminatory practices, ordering [them] to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities ..." (Id. ¶23).   The Clerk of Court entered default against Defendant Froggy's Saloon on May 23, 2014. (Doc. 18). On September 24, 2014, Plaintiff and remaining Defendant Draco Property Management unsuccessfully mediated the case.   (Doc. 38).

Defendant Draco has admitted that it is the property owner and the defaulted party, Froggy's Saloon is merely a lessee.   (Doc. 13 ¶ 5).   Plaintiff seeks the entry of a default judgment against Froggy's Saloon while the action against Draco remains pending.   The Defendants share exposure to Plaintiff under the statute.   Cf. Hoang v. DeKalb Hous. Auth., No. 1:13-cv-3796-WSD, 2014 WL 1028926, at *3 (N.D. Fla. Mar. 19, 2014) ("Under Title III of the ADA an individual may only be liable if he or she 'owns, operates, or leases the public accommodation.'") (internal citations omitted).

The entry of default judgment now, against Froggy's Saloon as lessee, before the action against landlord Draco is resolved creates the possibility of inconsistent outcomes.

Therefore, it is better to wait until a single judgment disposing of the case in its entirety can be entered.  See North Pointe Ins. Co. v. Global Roofing & Sheet Metal Inc. et al., Case No.: 6:12-cv-476-Orl-31TBS, 2012 U.S. Dist. LEXIS 161598, at *11-12 (M.D. Fla. Sept. 4, 2012) (The default judgment provisions of Rule 55(b)(2) must be balanced against the requirements of Rule 54(b)[2] ... Courts have interpreted this to mean that '[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.'") (quoting Northland, 204 F.R.D. at 330); see also Essex Ins. Co. v. Anchor Marine Envt'l Serv., No. 6:10-cv-340-Orl-28DAB, 2010 WL 5174025 (M.D. Fla. Nov. 18, 2010), adopted, 2010 WL 5174019 (M.D. Fla. Dec. 15, 2010) (The court declined to enter default judgment against some defendants where other claims remained against other defendants, noting that "[the] prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint."); Temp. Serv. Ins. LTD. v. O'Donnell, No. 6:07-cv-1507-Orl-28GJK, 2008 WL 2730997, at *1 (M.D. Fla. July 11, 2008).

    Plaintiff filed, in conjunction with his motion for entry of default judgment against Defendant Froggy's Saloon, Inc., a Verified Application for Attorneys' Fees, Litigation Expenses, and Costs (Doc. 35).   I respectfully recommend that this motion also be denied without prejudice, to be reasserted, to the extent appropriate, once the case against the Defendants is resolved.

---

[2] This Rule provides in part, "[w]hen an action presents more than one claim for relief -whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).

Accordingly, I respectfully recommend that:

1. Plaintiff's Motion for Entry of Judgment After Default Against Froggy's Saloon, Inc. (Doc. 28) be **DENIED WITHOUT PREJUDICE**, to be reasserted, to the extent appropriate, when this case becomes ripe for final resolution.

2. Plaintiff's Verified Application for Attorneys' Fees, Litigation Expenses, and Costs (Doc. 35) be **DENIED WITHOUT PREJUDICE**, to be reasserted, to the extent appropriate, once the case against this Defendant is resolved.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 3, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties